IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE GAITHER, PRO SE, | § | |
| TDCJ-CID No. 1821218, | § | |
| Previous TDCJ-CID No. 805423, | § | |
| Previous TDCJ-CID No. 887150, | § | |
| USM No. 29999-280, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:15-CV-0104 |
| | § | |
| Asst. Warden GREGORY S. DAVID, | § | |
| Cpt. RAY D. CRUZ, | § | |
| Cpt. GENE W. SMITH, | § | |
| CO V DEANA R. DAVIS, and | § | |
| Sgt. ANDREW M. GRATZ, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff CHRISTOPHER LEE GAITHER, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims he suffered an use of excessive force by defendants GRATZ and CRUZ, which he says was caused by a false report by defendant DAVIS. Plaintiff claims defendant Captain SMITH falsified an investigative report to prevent misconduct from being reported and proven. Plaintiff claims defendant Assistant Warden DAVID encouraged or allowed an atmosphere of racial harassment and excessive use of force "to exist as a spoken policy and pattern causing injuries."

Plaintiff requests an award of $25,000.00 compensatory damages from each defendant in

his or her official capacity, $80,000.00 punitive damages from the supervisors in their individual capacities, and $100,000.00 from defendant DAVID in his individual capacity, as well as attorney's fees of $25,000.00 and "sanctions, e.g., criminal penalties that the state law provide for comparable conduct."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A. The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine whether it should proceed to answer by defendants or be dismissed.

## THE LAW AND ANALYSIS

Specifically, plaintiff alleges that, on April 2, 2013, defendant DAVIS threatened to write him a disciplinary case for bringing one of his own law books to the law library and told him to be

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

quiet, threatening plaintiff with a disciplinary case for talking without her permission[3]. He says she ordered him to get up and leave the law library, but plaintiff refused to leave without an escorting officer[4]. Plaintiff says defendant DAVIS then got on her walkie talkie and reported plaintiff was physically assaulting her[5].

Plaintiff alleges defendants CRUZ and GRATZ responded to DAVIS' call and DAVIS pointed plaintiff out to them[6]. He says they both went up to where plaintiff was seated and told plaintiff to stand up and submit to hand restraints. Plaintiff says he stood up with his book in his hand and defendant GRATZ snatched the book away, dropped it, and grabbed plaintiff's left wrist, pulling it to plaintiff's back, while defendant CRUZ pulled plaintiff's right wrist to his back. Plaintiff says GRATZ put the handcuffs on "super tight" as they "snatched [plaintiff] forward" and threatened to beat and kill him[7].

Plaintiff says he objected to their roughness and told GRATZ to stop snatching his arm and pushing him. He says he told GRATZ to tell him where to go and he would walk there. Then, he says, GRATZ and CRUZ utilized force unnecessarily. Plaintiff says defendants CRUZ and GRATZ pushed him into a desk and a filing cabinet and, when they were outside the law library, they pinned him against a wall and CRUZ punched him in the neck and stuck his thumb in plaintiff's left eye.

Plaintiff claims these actions violated the Eighth Amendment prohibition against cruel and unusual punishment and also constituted the state torts of assault and battery, and negligence.

---

[3]Plaintiff's April 30, 2015 response to the Court's Questionnaire at Question no. 4.

[4]Plaintiff's April 30, 2015 response to the Court's Questionnaire at Question nos. 4 and 5.

[5]Plaintiff's April 30, 2015 response to the Court's Questionnaire at Question no. 5.

[6]Plaintiff's April 30, 2015 response to the Court's Questionnaire at Question no. 6.

[7]Plaintiff's April 30, 2015 response to the Court's Questionnaire at Question no. 9.

Plaintiff says he suffered severe pain and swelling in his knee and shoulder and that his eyeball was scarred, causing worsened vision requiring surgery.

**Defendant DAVIS**

Plaintiff states he received a disciplinary case for threatening defendant DAVIS's life, was found guilty of that case, and lost accumulated goodtime credits as a result. Plaintiff's claims against this defendant call into question the factual basis for this disciplinary case and the resulting determination of guilt. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), the Supreme Court, examining the relationship between habeas corpus claims[8] and civil rights claims[9], broadly held that any section 1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, S.Ct. at 2372). In *Edwards v. Balisok*, the Supreme Court approved the application of the *Heck* doctrine to the prison disciplinary setting and held that a state prisoner's claim for damages in a challenge to the validity of the procedures used to deprive him of good-time credits is not cognizable under section 1983. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997).

Because a favorable determination of plaintiff's claim against defendant DAVIS would call into doubt the validity of his disciplinary case, plaintiff's claim will not accrue until that disciplinary determination has been "reversed on direct appeal, expunged by executive order,

---

[8] Habeas claims brought under 28 U.S.C. § 2254.

[9] Civil rights claims under 28 U.S.C. § 1983.

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

**Defendant Supervisors**

Plaintiff does not explicitly identify the "defendant supervisors." Plaintiff requests an award of $80,000.00 against them in their individual capacities. It appears plaintiff means to identify defendants Captain SMITH and Assistant Warden DAVID, as they were not actual participants and appear to have been named as defendants because of their supervisory capacity.

The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by these officials.

To show a causal connection between defendant DAVID's actions and the alleged excessive use of force, plaintiff alleges defendant DAVID failed to supervise and train his subordinates and "encouraged, allowed, and failed to correct a spoken practice and custom of 'flagrant and egregious conditions that occur in frequent patterns at this unit in which he had direct knowledge of unconstitutional conditions existing, and intentionally and knowingly reported deliberate false information in the course of responding to [an] I-127." The Court notes an I-127 is a Step One Grievance and defendant DAVID investigated and responded to plaintiff's Step One Grievance No. 2013122187 the actions of defendants DAVIS, GRATZ, and CRUZ which form the

basis of this lawsuit.

With the exception of his complaint concerning DAVID's investigation and resolution of his Step One Grievance No. 2013122187, plaintiff's allegations against defendant DAVID are entirely conclusory and fail to state a claim of any kind. As to his complaint about the investigation and resolution of his Step One Grievance, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant DAVID lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To show a causal connection between defendant SMITH's acts and the alleged excessive force, plaintiff alleges defendant SMITH told plaintiff he would write whatever he wanted to in his report and then verbally abused and threatened plaintiff because of plaintiff's race. Again, plaintiff has no basis upon which to assert a federally protected due process right to the investigation process. *Accord, Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). State law or regulation governs that procedure and its violation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99

S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).  Plaintiff's claim against defendant SMITH lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Monetary Relief against Defendants DAVID, CRUZ, SMITH, DAVIS, and GRATZ in their Official Capacities**

Plaintiff requested an award of $25,000.00 compensatory damages from each defendant in his or her official capacity.

This is the sole relief plaintiff requests against defendant CRUZ and GRATZ, and he has specified he is suing for this relief in their official capacity.  Suit against the defendants in their official capacities is barred by the Eleventh Amendment.  Eleventh Amendment immunity is an explicit constitutional limitation on the federal judicial power.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 907, 79 L.Ed.2d 67, 77 (1984).  The Eleventh Amendment restricts federal court jurisdiction only in those cases in which the state is the real party in interest.  *Hander v. San Jacinto Junior College*, 519 F.2d 273, 278 (5th Cir. 1975).  A suit against an official in his official capacity is actually a suit against the state.  *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992).  Consequently, plaintiff's action for monetary relief against the defendants in their official capacities is foreclosed by the Eleventh Amendment.

"Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."  *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996).

**Attorney's Fees**

The law in the Fifth circuit is clear that attorney's fees are not available to a non-attorney, pro se litigant.  *See McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990).  Plaintiff's claim for an award of attorney's fees lacks an arguable basis in law and is frivolous.  *Neitzke v.*

*Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff CHRISTOPHER LEE GAITHER be DISMISSED WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET, *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), WITH PREJUDICE AS FRIVOLOUS, and WITHOUT PREJUDICE PURSUANT TO Rule 12(b)(1).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of March, 2016.

						_____
						CLINTON E. AVERITTE
						UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).