IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHRISTOPHER LEE GAITHER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:15-CV-104 |
| § | |
| GREGORY S. DAVID, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY DEFENDANT GENE W. SMITH'S MOTION TO DISMISS
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Exhaustion is an affirmative defense that allows a defendant to declare that a plaintiff did not choose the proper forum for resolving a dispute. As such, an exhaustion defense mimics personal jurisdiction and venue issues for the Court by limiting the Court's oversight. In short, the exhaustion requirement controls a plaintiff's access to the federal courts. Because exhaustion is a threshold issue that the Court must address to determine the proper forum, the Fifth Circuit has determined that judges may resolve factual disputes concerning exhaustion without the participation of a jury, but only if a defendant's motion can be converted to a motion for summary judgment and afford plaintiff the protections of Rule 56 of the Federal Rules of Civil Procedure.

Here, defendant Gene W. Smith ("Smith") asserts plaintiff failed to exhaust his administrative remedies through the prison grievance system. It is undisputed that plaintiff filed grievances against other defendants for the claims contained in his complaint. Plaintiff very clearly outlined his exhaustion against other defendants in his original complaint. However, the grievances attached to plaintiff's original complaint do not reference Smith or any of the actions plaintiff

alleges Smith committed. Specifically, plaintiff alleges Smith retaliated against plaintiff for filing grievances against other named defendants for use of excessive force.[1] Plaintiff responds that he did file grievances against Smith for all plaintiff's claims in a separate filing from the one he submitted with his original complaint. Plaintiff claims the copies of his grievances filed against Smith were wrongfully seized and destroyed after his transfer to another prison unit. This unlawful seizure and destruction of plaintiff's legal documents occurred on November 3, 2016, per plaintiff's claims. Plaintiff's amended complaint was filed October 20, 2016. Defendant Smith raised the issue of exhaustion on April 24, 2018. Because this Court finds it cannot convert defendant Smith's motion to dismiss into a motion for summary judgment without supporting evidence or affidavits to challenge plaintiff's assertions of exhaustion, this Court recommends Smith's motion to dismiss be DENIED.

I.
MOTION TO DISMISS STANDARD IN EXHAUSTION CASES

"Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). "In the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id*. (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). Under the Prison Litigation Reform Act ("PLRA") "no action shall be brought with respect to prison conditions…by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

---

[1] Plaintiff's original complaint alleged defendant Smith falsified records during the investigative process and refused to properly investigate plaintiff's claims of excessive force. After his original complaint was dismissed, plaintiff filed an amended complaint on October 20, 2016. The live claims against defendant Smith, as contained in that pleading, are that he engaged in retaliatory acts against plaintiff by moving plaintiff to a cell with worse living conditions and denying him food and sanitation supplies for four days.

"The PLRA pre-filing exhaustion requirement is mandatory and non-discretionary." *Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012).

The Fifth Circuit has approved of using summary judgment to "address exhaustion and other affirmative defenses not enumerated in Rule 12(b)." *Dillion v. Rogers*, 596 F.3d 260 (5th Cir. 2010) (comparing *Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1019 (5th Cir. 2009) (affirming summary judgment dismissal for failure to exhaust) and *Hager v. NationsBank N.A.*, 167 F.3d 245, 247-48 & n.1 (5th Cir. 1999) (approving of district court's granting plaintiff "procedural safeguards of Rule 56" after defendant moved to dismiss for failure to exhaust *and relied on affidavits* to support factual allegations) with *Carpenters Local Union No. 1846 v. Pratt-Farnsworth. Inc.*, 690 F.2d 489, 527-29 (5th Cir. 1982) (genuine issue of material fact prevents dismissal on summary judgment for failure to exhaust)). A closer reading of the cases cited in *Dillion* reveals that if plaintiff on the face of his pleadings claims he has exhausted, then it is only when defendants raise a fact question for the Court on exhaustion through summary judgment type evidence that a motion to dismiss should be converted to a motion for summary judgment and the court can then place the burden on plaintiff to show exhaustion beyond mere allegations.

## II.
## PLAINTIFF'S CLAIMS

Plaintiff seeks declaratory judgment, compensatory damages and punitive damages. Plaintiff sues Smith in his individual capacity based on Smith's alleged acts of retaliation.

Plaintiff asserts he filed timely grievances against defendant Smith for the retaliatory acts alleged in the amended complaint, in accordance with the Texas Department of Criminal Justice ("TDCJ") policy on administrative remedies. Plaintiff did not attach these grievances to his original or his amended complaint or as any additional supporting evidence to his response to

defendant Smith's motion for dismissal on exhaustion grounds. Plaintiff cites to wrongful seizure of legal property as a reason for failing to attach these grievances. The Court notes that although the seizure alleged by plaintiff occurred *after* the filing of both the original and amended complaints, defendants have failed to submit any contradicting evidence to establish grievances were not filed. Defendant Smith did not attach any affidavits or evidence to support his assertion that plaintiff failed to file a grievance regarding Smith's behavior complained of by plaintiff's amended complaint.

### III.
### THE LAW AND ANALYSIS

A. Plaintiff claims to have filed the proper administrative grievances against Smith

"In determining exhaustion under the PLRA, we look to the processes established by the prison and the parties' use of these processes, beginning with the sufficiency of the inmate's 'complaint.'" *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (citing *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004)). The complaint must give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id*. at 788 (citing *Porter v. Nussle*, 534 U.S. 516, 525 (2002)).

Plaintiff alleged exhaustion by his original complaint as follows:

AS A NECESSARY FACT, On April 3, 2013, plaintiff Gaither did however, file a Step-1 (I-127) grievance From No. 2013122187, grievance code [811, 015, 800] with Clements Unit (BC037) Officials concerning this use of force claim.
Plaintiff Gaither, alleges, [Gregory David, Asst. Warden] created and allowed a policy and custom under which unconstitutional practices occurred and allowed the continuance of such a policy and custom.

On April 9, 2013, plaintiff received an unethical response to Step-1 (I-127) by [Gregory S. David, Asst. Warden], whom, while being clothes by the authority of STATE and operating though his OFFICIAL and individual capacities, knowingly and intentionally communicated dishonesty (P.D. 22(rev.12), R. 10) in a less than meaningful review and investigation to prevent misconduct exposure. Defendant failed to train and supervise his subordinates. It [is] "fact," [Gregory S. David, Asst.

> Warden] encouraged, allowed, and failed to correct a spoken practice and custom of flagrant and egregious conditions that occur in frequent patterns at this unit in which he had direct knowledge of unconstitutional conditions existing, and intentionally and knowingly reported deliberate false information (P.D. 22(rev. 12) R. 10) in the course of responding to I-127.
>
> Plaintiff Gaither further exhausted Step 2 (I-128) grievance Form on May 14, 2013 and was denied adequate or meaningful investigation, and was wholly denied any remedy, corrections, modifications or deterences [sic] by Linda Richey AO-D on June 21, 2013 in her written grievance decision in violation of plaintiff Gaither's civil rights, denying plaintiff due course of law and equal protection. See Exhibit A (plaintiff attached grievances to his original complaint).

The Court notes that even though Gaither very specifically articulated his exhaustion of his claims as to those attached to his original complaint (which do not include any references to Smith's behavior), and these exhaustions steps were taken during the time frame plaintiff alleges Smith violated his rights, the Court cannot look beyond plaintiff's claims that he in fact did exhaust his claims without some form of summary judgment evidence from the defendant. The failure of plaintiff to specifically include exhaustion language about Smith or attach all grievances in their entirety may suggest a failure to exhaust; nevertheless, it does not shift the burden to plaintiff to *prove* he exhausted beyond his assertions.

B. <u>Smith has not provided evidence to allow the Court to convert a motion to dismiss to a motion for summary judgment</u>

At this junction, Smith has filed a motion to dismiss without any accompanying evidence or affidavits to cause this Court to require plaintiff to overcome questions concerning the defense of exhaustion. The *Dillion* decision noted that "we have held that exhaustion under the PLRA is considered 'on the pleadings without proof" and that "as long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal." *Dillion*, 596 F.3d at 273 n.3 (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)). The exception is when defendants present controverting evidence and the court

properly converts a defendant's motion to dismiss to a motion for summary judgment and affords plaintiffs the protection of Rule 56 in resolving any factual disputes concerning exhaustion. Here, without any controverting evidence, the Court accepts plaintiff's assertions that he filed the grievances required to exhaust his remedies.

## IV.
## RECOMMENDATION

For the reasons set forth above it is the RECOMMENDATION of the Magistrate Judge to the District Judge that the Motion to Dismiss for Failure to Exhaust Administrative Remedies filed by defendant Gene W. Smith be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on October 22, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *<u>NOTICE OF RIGHT TO OBJECT</u>*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).